IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER SIKES, JR., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-46-F |
| ) | WO |
| THE CITY OF DOTHAN, ALABAMA ) | |
| and RICHARD ODUM, ) | |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's Motion to Extend Time for Service (Doc. # 4) which was filed on the afternoon of June 17, 2005 without an electronic signature. This lawsuit was filed on January 19, 2005. On the same day that the lawsuit was filed, Plaintiff made a written request pursuant to Federal Rule of Civil Procedure 4(d) for the waiver of service of summons. Although Rule 4(d)(2)(F) requires that a plaintiff requesting a defendant to waive service of summons to allow the defendant a reasonable time to return the waiver, which shall be at least 30 days, Plaintiff's request demanded a response within 10 days. Two weeks after mailing the request for waiver of service, counsel for Plaintiff exchanged phone messages of an unspecified nature with the attorney for the municipal defendant in this case. On June 13, 2005, this Court entered an Order pursuant to Federal Rule of Civil Procedure 4(m), requiring Plaintiff to show cause by no later than June 17, 2005, why the action should not be dismissed without prejudice for failure to timely serve the defendants. In response to this order, the Plaintiff's Motion to Extend Time for Service

(Doc. # 4) was filed.

The Federal Rules of Civil Procedure are intended to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. These rules govern the procedural life of civil actions pending in the United States District Courts. Parties appearing in cases pending in federal court must comply with the dictates of the Federal Rules of Civil Procedure. A federal civil action is commenced by the filing of a complaint with the Court. Fed. R. Civ. P. 3. After filing a lawsuit, a plaintiff is responsible for service of a summons and a copy of the complaint on defendant within the time allowed for service under Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c)(1). While a plaintiff may request that a defendant waive service of summons, the defendant need not do so and may insist upon formal service. Fed. R. Civ. P. 4(d). If service is not waived, the person effecting service shall make proof thereof to the Court. Fed. R. Civ. P. 4(l).

The Federal Rules of Civil Procedure also address the time within which a plaintiff must serve the complaint.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period.* ...

Fed. R. Civ. P. 4(m) (emphasis added). The Advisory Committee Notes explain that this rule requires a court to extend the time for service where the plaintiff shows good cause for

2

failing to serve the defendant within the 120 days and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there was no good cause shown." Advisory committee's note to 1993 amendment of Fed. R. Civ. P. 4(m). The Advisory Committee Notes further provide that even in the absence of good cause for failure to serve within the 120 days, additional time for service may be justified where the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in the attempted service. *Id.* In March of 2005, the Eleventh Circuit explicitly held that Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005). The Eleventh Circuit further explained that the Advisory Committee Note to Rule 4(m) provides guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause. *Id.*

Plaintiff has failed to set forth good cause for his failure to serve defendants within 120 days of filing this action. In the absence of a showing of good cause, this Court has discretion as to whether to dismiss the action without prejudice or to extend time for service. In this case, the Court will dismiss the action without prejudice. Plaintiff has established that the failure to accomplish service in a timely manner arises out of errors and inattention by Plaintiff's counsel. Other than an initial request for waiver of service, Plaintiff's counsel has made no effort whatsoever to serve either defendant to this action since filing the Complaint

in January of 2005. Moreover, in this case, there is no evidence that either defendant has been evading service or concealing defects in service or that the statute of limitations has already run on Plaintiff's claims. Accordingly, this Court finds it appropriate to exercise its discretion to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Extend Time for Service (Doc. # 4) is DENIED.

(2) This action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

DONE this 27th day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE